UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARIEN CEDENO CASTILLO,

Petitioner,

v. Case No. 3:26-cv-2379-MMH-LLL

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner Darien Cedeno Castillo, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Immediate Release, or Alternatively an Individualized Bond Hearing and Release to ICE Alternatives to Detention (Doc. 1; Petition) on September 11, 2026. See generally Petition. Cedeno Castillo, a citizen of Cuba, was paroled into the United States on June 7, 2024. Record of Deportable/Inadmissible Alien (Doc. 7-1) at 4. On July 10, 2026, United States Immigration and Customs Enforcement (ICE) detained him. Petition at 1. As relief, he seeks, inter alia, immediate release or, alternatively, a bond hearing. Id. at 2. The Federal Respondents understand Cedeno Castillo to argue that his continued detention without a bond hearing violates the

Immigration and Nationality Act. See Respondents' Opposition to Petition for Writ of Habeas Corpus (Doc. 7) at 1–3.

Notably, the Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Cedeno Castillo, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Cedeno Castillo was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Cedeno Castillo's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Immediate Release, or Alternatively an Individualized Bond Hearing and Release to ICE Alternatives to Detention (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1]

[1] Because the Court finds that Cedeno Castillo is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court

Within **seven days** of this Order, Respondents shall either afford Cedeno Castillo an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Cedeno Castillo, they shall provide him with access to a telephone to arrange transportation from the detention facility.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of October, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record
Darien Cedeno Castillo

---

need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").